Allen W. Estes III, WSBA #34526
aestes@grsm.com
William M. Hughbanks, WSBA #45562
whughbanks@grsm.com
Gordon Rees Scully Mansukhani, LLP
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
Telephone:    (206) 695-5100
Facsimile:    (206) 689-2822

*Attorneys for Consumer Program
Administrators, Inc., an Illinois Corporation,
and Virginia Surety Company, Inc., an Illinois
corporation*

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, INC., an Illinois corporation,<br><br>        Defendants. | Case No. 2:23-cv-00352<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

NOTICE OF REMOVAL - 1
CASE NO. 2:23-cv-00352

PLEASE TAKE NOTICE that defendants Consumer Program Administrators, Inc. ("CPAI")[1] and Virginia Surety Company, Inc. ("VSCI") (together, "Defendants") hereby effect the removal of this action from the Superior Court of the State of Washington in and for the County of Spokane (the "Spokane County Superior Court) to the United States District Court for the Eastern District of Washington. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action where the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.     On or about October 27, 2023, plaintiff Lisa Anderson ("Plaintiff") filed a putative class action against CPAI and VSCI in Spokane County Superior Court. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.     Plaintiff served a copy of the Complaint on the Insurance Commissioner of the State of Washington on November 3, 2023. VSCI was served with the Complaint and Summons on November 7, 2023. The documents that comprise Exhibit B constitute all process, pleadings, and orders served on VSCI as of the date of this filing. CPAI was served with the Complaint and Summons on November 7, 2023. The documents that comprise Exhibit C constitute all process, pleadings, and orders served on CPAI as of the date of this filing.

3.     Anderson alleges that the Vehicle Care Protection Agreement ("VCP Agreement") she purchased from an automobile dealership, AutoNation, did not include certain disclosures required by RCW 48.110.075(2) were not included in the

---

[1] Although correctly named in the case caption, CPAI is incorrectly identified in the Complaint as "Consumer Product Administrators, Inc." In addition, VSCI is incorrectly identified in the caption, but not in the Complaint, as a Delaware corporation.

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1   VCP Agreement. Anderson brings claims under the Washington Consumer
2   Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and for common-law unjust
3   enrichment, and seeks to represent a putative class of Washington residents who
4   purchased vehicle service contracts and protection product guarantees that CPAI
5   provided and VSCI insured.

**REMOVAL IS TIMELY**

6   4.      VSCI and CPAI were served with the Complaint and Summons on
7   November 7, 2023. *See* Exhibit B. Because this Notice of Removal is filed within
8   30 days of service of the Complaint and Summons, it is timely under 28 U.S.C. §
9   1446(b)(3), 1453. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126,
10  1130 (9th Cir. 2019) (holding that "the thirty-day removal clock under 28 U.S.C. §
11  1446(b)(1) does not begin upon service on and receipt by a statutorily designated
12  agent" like the Washington Office of Insurance Commissioner and instead begins
13  only when the defendant actually receives the complaint).

**THE COURT HAS JURISDICTION PURSUANT TO CAFA**

14  5.      The Complaint is removable because this Court has original
15  jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). Federal courts may
16  exercise diversity jurisdiction under CAFA where: (1) the case is a "class action"
17  involving at least 100 putative class members; (2) the putative class consists of at
18  least 100 members; (3) minimal diversity exists between the parties—in other words,
19  at least one putative class member is a citizen of a state different from that of at least
20  one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000,
21  exclusive of interests and costs. *Id.*; *see also* 28 U.S.C. § 1441.

22  6.      Defendants dispute Plaintiff's allegations, including any claims that
23  Defendants are liable for any wrongdoing or that Plaintiff could meet the standards

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1   of Fed. R. Civ. P. 23 or Wash. Super. Ct. R. 23 for any proposed class, no matter

2   how defined. Defendants reserve all rights in this regard—including but not limited

3   to the right to contest the definition, scope, certifiability, and merits of the claims of

4   the proposed classes as alleged in the Complaint—and no reference to or re-

5   statement of Plaintiff's allegations herein shall constitute an admission of liability or

6   damages. Nonetheless, as set forth below, reviewing the allegations in the Complaint

7   for the limited purpose of determining federal jurisdiction, the size of the proposed

8   class alleged, the diverse citizenship of Defendants vis-à-vis the named plaintiff, and

9   the alleged value of the relief sought by Plaintiff satisfy CAFA's removal

10  requirements.

11      **A.      More Than 100 Putative Class Members**

12      7.     This action is a putative "class action" under CAFA because it was

13  brought under Rule 23 of the Washington Superior Court Civil Rules (Ex. A, ¶ 5.11),

14  authorizing a lawsuit to be brought as a class action. 28 U.S.C. § 1332(d); *see also*

15  Ex. A, ¶ 1.2 ("Ms. Anderson brings this action against the above-captioned

16  Defendants on behalf of herself and all other similarly situated …."); ¶ 5.2 ("This

17  action is brought on behalf of a class . . . .").

18      8.     Specifically, Plaintiff states that she brings this action on behalf of a

19  class preliminarily defined as, "[a]ll persons, as the term "person" is defined in RCW

20  19.86.010(1) . . . who paid for a vehicle "Service Contract," as that term is defined

21  in RCW 48.110.020(18), and/or a "Protection Product Guarantee," as that term is

22  defined in RCW 3 48.110.020(11) . . . that was issued and/or sold by Defendant

23  CPAI in Washington . . . in which the "Service Contract" or "Protection Product

24  Guarantee" did not contain one or more of the mandatory consumer disclosures

25  enumerated in RCW 48.110.075(2)(e)(i) — (vi) . . . within the four (4) years prior

26

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1    to the commencement of this lawsuit; through the date the class is certified." Ex. A
2    ¶ 5.2.

3        9.      A removing defendant's notice of removal "'need not contain
4    evidentiary submissions' but only plausible allegations of the jurisdictional
5    elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)
6    (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). When a
7    defendant's allegations of removal jurisdiction are challenged, the defendant's
8    showing on the amount in controversy may rely on reasonable assumptions, and "an
9    assumption may be reasonable if it is founded on the allegations of the complaint."
10   *Arias*, 936 F.3d at 922, 925.

11       10.     Here, Plaintiff's own allegations—that "[t]he Defendants issued, sold,
12   or offered for sale VSCs and PPGs to Ms. Anderson and at least 100 other
13   Washington consumers through various entities"—make clear that Plaintiff's
14   proposed class includes at least 100 affected contract holders. Ex. A ¶ 4.21.
15   Moreover, while Defendants' investigation into this matter is ongoing, Defendants'
16   preliminary inquiry indicates that there are significantly more than 100 putative class
17   members. This action accordingly satisfies CAFA's requirement that the proposed
18   class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

19       **B.    The Parties are Minimally Diverse**

20       11.     CAFA's minimal diversity requirement is satisfied when "any member
21   of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.
22   § 1332(d)(2)(A); *see also Armstrong v. Argosy Educ. Grp. Inc.*, 2014 WL 12674280,
23   at *2 (W.D. Wash. Aug. 5, 2014) (explaining that "CAFA has no 'complete
24   diversity' or forum defendant rule, but rather a 'minimal diversity' requirement
25   which is satisfied wherever a single member of the proposed class is from a different
26   state than any defendant").

NOTICE OF REMOVAL - 5
CASE NO. 2:23-cv-00352

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1    12.    Plaintiff alleges that she is a citizen of Washington. Ex. A ¶ 2.1.

2    13.    At the time of the filing of the Complaint and at the time of removal,

3    Defendant CPAI was and is incorporated in Illinois with its headquarters and

4    principal place of business in Illinois. Ex. A ¶ 2.2; *see also* 28 U.S.C. § 1332(c)(1)

5    (providing that a corporation is "a citizen of every State and foreign state by which

6    it has been incorporated and of the State or foreign state where it has its principal

7    place of business").

8    14.    At the time of the filing of the Complaint and at the time of removal,

9    Defendant VSCI was and is incorporated in Illinois with its headquarters and

10   principal place of business in Illinois. Ex. A ¶ 2.3.

11   15.    Thus, CAFA's minimal diversity requirement is satisfied because

12   Plaintiff and Defendants CPAI and VSCI are citizens of different states. Ex. A, ¶¶

13   2.1-2.3.

14   **C.    The Amount in Controversy Exceeds $5,000,000**

15   16.    Defendants deny that Plaintiff or any of the putative class members are

16   entitled to any relief. But without prejudice to their defenses in this action and

17   without conceding any merit to Plaintiff's allegations, causes of action, or claims for

18   damages, Plaintiff's allegations indicate that the amount purported to be in

19   controversy exceeds the $5,000,000 threshold amount, exclusive of costs and

20   interest, for removal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2).

21   17.    In calculating the potential amount in controversy under CAFA, the

22   claims of the individual members in a class action are aggregated to determine if the

23   amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. §

24   1332(d)(6). Courts include actual damages, compensatory damages, treble damages,

25   statutory penalties, costs of complying with an injunction, punitive damages, and

26   attorneys' fees in the amount in controversy calculation. *See, e.g.*, *Trepanier v.*

1   *Progressive Direct Ins. Co.*, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012)

2   ("[T]he amount in controversy includes not just actual damages, but also statutorily

3   authorized attorneys' fees and treble damages.").

4        18.    When a plaintiff fails to plead a specific dollar amount of damages and

5   the amount in controversy is not necessarily "facially apparent" from the complaint,

6   "the court may consider facts in the removal petition" to determine the amount at

7   issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A]

8   defendant's notice of removal need include only a plausible allegation that the

9   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*

10  *Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may

11  rely on a "reasonable" "chain of reasoning" that is based on "reasonable"

12  "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

13  *See also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n

14  *Arias* we held that a removing defendant's notice of removal need not contain

15  evidentiary submissions but only plausible allegations of jurisdictional elements")

16  (quotations and citations omitted).

17       19.    A notice of removal filed pursuant to CAFA "need include only a

18  plausible allegation that the amount in controversy exceeds the jurisdictional

19  threshold, and need not contain evidentiary submissions." *Copple v. Arthur J.*

20  *Gallegher & Co.*, 2022 WL 3357865, at *2 (W.D. Wash. Aug 2, 2022) (report and

21  recommendation; cleaned up) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,

22  1197 (9th Cir. 2015)).[2] That is because "[t]he amount in controversy is simply an

23  estimate of the total amount in dispute, not a prospective assessment of defendant's

24  liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

25  

26  _____
[2] Neither party in *Copple* objected to Magistrate Vaughan's Report and Recommendation that remand should be denied. 2022 WL 4446127, at *1 (W.D. Wash. Sept. 12, 2022).

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

2   controversy allegation should be accepted when not contested by the plaintiff or

3   questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

4       20.   <u>Actual Damages.</u> Plaintiff asserts violations of the Washington

5   Consumer Protection Act (the "CPA"), Ex. A ¶ 4.23, and seeks unspecified damages

6   for "injuries to their business and property." *Id.* ¶¶ 4.24, 6.7. In addition, Plaintiff

7   seeks "equitable restitution or disgorgement" of the amounts Defendants collected

8   in connection with the contracts at issue—in other words, the refund of all payments

9   collected for each service contract or protection product guarantee at issue. *Id.* ¶¶

10  4.26, 6.14, 7.3, 7.7.

11      21.   While Defendants' investigation into this matter is ongoing,

12  Defendants' preliminary inquiry indicates that more than 11,360 contracts are at

13  issue in this litigation.  The cost to customers of those contracts exceeded $6 million,

14  without including any damages for "injuries to . . . business and property" Plaintiff

15  seeks on behalf of herself and putative class members.

16      22.   <u>Treble Damages.</u> Plaintiff asserts a violation of the CPA, and seeks

17  exemplary damages. Ex. A ¶ 7.4. Under the CPA, the Court may increase the amount

18  of damages for each putative class member up to three times the actual damages, but

19  not more than $25,000 for each class member. RCW 19.86.090. Because Plaintiffs

20  have "put treble damages at issue . . . a reasonable estimate of those damages must

21  be included in the amount in controversy calculus." *Lewis v. Hartford Cas. Ins. Co.*,

22  2015 WL 4430971, at *2 (W.D. Wash. July 20, 2015); *Copple*, 2022 WL 3357865

23  at *4. "Where a statutory maximum is specified, courts may consider the maximum

24  statutory penalty available in determining whether the jurisdictional amount in

25  controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

26  1199, 1205 (E.D. Cal. 2008). Using the statutory maximum to evaluate the amount

1    in controversy, only 200 putative class members are necessary to satisfy the amount
2    in controversy, without including any additional damages, disgorgement, costs of
3    compliance, or attorneys' fees and costs. While Defendants' investigation into this
4    matter is ongoing, Defendants' preliminary inquiry indicates that there are more than
5    10,000 putative class members, indicating an amount of controversy that
6    significantly exceeds $5 million in exemplary damages alone.

7        23.   <u>Cost of Compliance.</u> Courts in this circuit also consider the costs of
8    complying with requested injunctive relief when calculating the amount in
9    controversy. Plaintiff seeks "an Order enjoining the Defendants from continuing,
10   initiating, or reinitiating further violations of RCW 48.110 *et seq.*" Ex. A at 7.6. In
11   other words, Plaintiff asks the Court to order Defendants to alter the terms of any
12   "Service Contract" or "Protection Product Guarantee" sold in Washington that she
13   alleges does not contain "mandatory consumer disclosures." Ex. A ¶¶ 5.2.2-.4.

14       24.   The costs to implement Plaintiff's requested injunction would be
15   significant. Defendants would be required to develop new forms for all affected
16   products, at an estimated cost of $10,000. In addition, Defendants would be required
17   to expend approximately $2.18 per form in printing, labor, and mailing costs, to
18   provide the revised forms to contract holders. As set forth above, Defendants
19   estimate that there are at least 11,360 contracts, requiring an expenditure of more
20   than $24,000. Accordingly, Defendants would be forced to expend more than
21   $34,000 in out of pocket costs to comply with the injunction Plaintiff seeks.

22       25.   Defendants also would be required to obtain seller approval, revise
23   other forms and materials in connection with the changes, and reconfigure client and
24   dealership systems regarding the new forms, as well as other internal administrative
25   functions, all of which will require significant labor and hard costs. Finally,

26

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1   Defendants' business would be disrupted by the injunction Plaintiff's seek, which
2   tends to increase contract cancellations and constitute a cost to Defendants.

3       26.     <u>Attorneys' Fee and Costs.</u> Finally, Plaintiff seeks "court costs and
4   attorneys' fees incurred by the Plaintiff in this action as provided by applicable
5   statutes." Ex. A ¶ 7.5. As with treble damages, a removing party need only show
6   estimated attorney fees are reasonable. *Copple*, 2022 WL 3357865 at *5. Courts
7   have, for removal analysis purposes in CPA actions, contemplated attorneys' fees in
8   amounts of 25% of the total class recovery. *See, e.g.*, *Dawsey v. Travelers Indem.*
9   *Co.*, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015); *Copple*, 2022 WL
10  3357865 at *7; *see also Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003)
11  ("This circuit has established 25% of the common fund as a benchmark award for
12  attorney fees."); *Berry v. Transdev Servs., Inc.*, 2016 WL 11261499, at *4-5 (W.D.
13  Wash. Jan. 11, 2016) (finding amount in controversy exceeded $5 million with
14  consideration of attorney fees equal to 25% of the compensatory damages).

15      27.     Without considering attorneys' fees, the amount in controversy here
16  far exceeds $5 million. However, even if Plaintiff alleged only $4 million in
17  aggregate actual damages, cost of injunctive relief, and exemplary damages, the
18  amount in controversy would be satisfied by estimating attorneys' fees and costs at
19  20% of the class recovery.

20      28.     Defendants reserve the right to present additional evidentiary support
21  should Plaintiff challenge federal jurisdiction, including whether the jurisdictional
22  amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89
23  (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only
24  when the plaintiff contests, or the court questions, the defendant's allegation" that
25  the amount in controversy exceeds the jurisdictional threshold).

26

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

29.     The United States District Court for the Eastern District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed this case, in the Spokane County Superior Court. See 28 U.S.C. §§ 128(b), 1441(a).

30.     Defendants will promptly serve notice of removal on Plaintiff and will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of Washington for the County of Spokane, in which the action is pending, as required under 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

31.     Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants is hereto as Exhibits A through C. In the event additional process, pleadings, or orders are served on any of the Defendants, Defendants shall promptly provide this Court with true and correct copies of all such papers.

32.     No previous application has been made for the relief sought herein.

33.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense. Defendants reserve the right to assert all applicable claims and defenses in response to the Complaint.

## CONCLUSION

For the foregoing reasons, VSCI and CPAI respectfully submit that this action is properly removed from the Superior Court of the State of Washington for the County of Spokane to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present briefing, additional evidence, and oral argument in support of its position that this

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

1  case has been properly removed. Defendants further reserve the right to amend or
2  supplement this Notice of Removal to assert additional bases for federal jurisdiction.
3        WHEREFORE, VSCI and CPAI hereby remove this action, now pending in
4  the Superior Court of the State of Washington for the County of Spokane, Case No.
5  232 04555-32, to the United States District Court for the Eastern District of
6  Washington.

7
8  Dated: December 4, 2023                GORDON REES SCULLY MANSUKHANI,
                                          LLP
9
10                                 By:  /s/ Allen W. Estes, III
                                        Allen W. Estes III, WSBA #34526
11
                                   By:  /s/ William M. Hughbanks
12                                      William M. Hughbanks, WSBA #45562
13                                      421 W. Riverside Ave., Suite 1555
                                        Spokane, WA 99203
14                                      Telephone:   (206) 695-5100
                                        Facsimile:   (206) 689-2822
15
                                   *Attorneys for National Program Care
16                                 Company, an Illinois Corporation, and
                                   Virginia Surety Company, Inc., an Illinois
17                                 corporation*
18
19
20
21
22
23
24
25
26

NOTICE OF REMOVAL - 12
CASE NO. 2:23-cv-00352

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4 2023, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM / ECF system.

Shayne Sutherland, WSBA #44593
Brian Cameron, WSBA #44905
Cameron Sutherland, PLLC
421 W. Riverside, Ste. 660
Spokane, Washington 99201

*Counsel for Plaintiff*

☐ USDC ECF
☒ Legal Messenger
☒ Hand Delivery
☒ Email

SIGNED this 4th day of December, 2023.

*s/ William M. Hughbanks*
William M. Hughbanks, Attorney
Email: whughbanks@grsm.com

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys at Law
421 W. Riverside Ave., Suite 1555
Spokane, WA 99201
(206) 695-5100

# EXHIBIT A

Insurance Commissioner
ACCEPTED SOP

NOV 03 2023

TIME: _____

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF SPOKANE**

8

9

LISA ANDERSON, an individual, on
behalf of herself and all others similarly
situated,

Case No. **232 04555-32**

**CLASS COMPLAINT**

10

Plaintiff,

11

vs.

12

13

14

CONSUMER PROGRAM
ADMINISTRATORS, INC., an Illinois
corporation, and VIRGINIA SURETY
COMPANY, a Delaware corporation;

15

Defendants.

16

17

COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others

18

similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for

19

causes of action against the above-named Defendants, complains and alleges as follows:

20

## I. INTRODUCTION

21

1.1    This action involves a vehicle service contract provider that issues, sells, or offers

22

for sale various service contracts (VSCs) and protection product guarantees (PPGs) without

23

providing or affirming important consumer disclosures as required by Washington law.  RCW

24

48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale

25

any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1.2     Ms. Anderson brings this action against the above-captioned Defendants on behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and any other relief the court deems just and proper for the Defendants' violations of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis-à-vis their violations of Washington's Service Contract Providers Act (SCPA), RCW 48.110, *et seq.* Ms. Anderson also seeks injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business practices that violate Washington's consumer protection standards and statutory requirements.

## II. IDENTITY OF PARTIES

2.1     Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington, who purchased the VSC and PPG at issue in Spokane County in conjunction with a vehicle purchase from an Autonation dealership in Spokane Valley, Washington.

2.2     Defendant CONSUMER PRODUCT ADMINISTRATORS, INC. (CPAI), is an Illinois corporation that is engaged in the issue, sale, and servicing of VSCs and PPGs throughout Washington, including those issued and sold to Ms. Anderson. CPAI is a "service contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract seller" as that term is defined under RCW 48.110.020(21). Ms. Anderson is entitled to bring an action against a VSC and/or PPG provider and/or seller pursuant to RCW 48.110.140.

2.3     Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by Defendant NPCC in Washington. Ms. Anderson is entitled to bring an action against an insurer issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW 48.110.140.

///

///

///

COMPLAINT FOR DAMAGES - Page 2 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

### III. STATEMENT OF JURISDICTION AND VENUE

3.1    This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2    Venue is proper in this Court pursuant to RCW 4.12.020.

### IV. FACTUAL BACKGROUND

4.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.2, above.

4.2    On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in Spokane Valley, Washington.

4.3    In conjunction with the sale of the Range Rover, the dealership issued, sold and/or offered to sell to Ms. Anderson a VSC branded as "AutoNation Vehicle Care Protection" on behalf of Defendant CPAI, which included various products and services priced at $399.

4.4    At times relevant to this action, Defendant CPAI was insured by Defendant Virginia Surety Company, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies required under RCW 48.110.055.

4.5    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

COMPLAINT FOR DAMAGES - Page 3 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

4.6    RCW 48.110.075(2)(e)(i) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.7    The VSC and PPG branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing the work and parts covered by the contract.

4.8    RCW 48.110.075(2)(e)(ii) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.9    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing any time or mileage limitations.

4.10    RCW 48.110.075(2)(e)(iii) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.11    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing that the implied warranty of merchantability on the vehicle is not waived if the contract has been purchased within ninety days of the purchase date of the vehicle from a provider or service contract seller who also sold the vehicle covered by the contract.

4.12    RCW 48.110.075(2)(e)(iv) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.13    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing any exclusions of coverage.

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

4.14    RCW 48.110.075(2)(e)(v) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.15    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing the contract holder's right to return the contract for a refund.

4.16    RCW 48.110.075(2)(e)(vi) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement as referenced in the preceding paragraph.

4.17    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement disclosing that the obligations of the provider to the service contract holder are guaranteed under a reimbursement insurance policy, the name and address of the issuer of the reimbursement insurance policy, the applicable policy number, and the means by which a service contract holder may file a claim under the policy.

4.18    RCW 48.110.075(2)(b) states that VSCs, including PPGs, "shall not be issued, sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains such a statement and content as referenced in the preceding paragraph.

4.19    "Services provided pursuant to a protection product guarantee" are included within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the corresponding statutory provisions of RCW 48.110, *et seq.*

4.20    The statutory requirement that VSCs and PPGs contain initialed consumer disclosures as a prerequisite to being "issued, sold, of offered for sale" to consumers in Washington imposes an obligation on sellers, providers, issuers, and their insurers to ensure meaningful disclosure of product limitations, consumer rights, and available remedies.

COMPLAINT FOR DAMAGES - Page 5 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

4.21    The Defendants issued, sold, or offered for sale VSCs and PPGs to Ms. Anderson and at least 100 other Washington consumers through various entities without fulfilling the statutory prerequisites to issuing, selling, or offering these products for sale, rendering them void *ab initio*.

4.22    The Defendants profited from their illegal sale and issue of noncompliant VSCs and PPGs to Washington consumers, including Ms. Anderson.

4.23    The Defendants' actions and inactions constitute violations of Washington's Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act (CPA), RCW 19.86, *et seq.*

4.24    The Defendants' actions and inactions caused Ms. Anderson and other Washington consumers to suffer injuries to their business and property in an amount to be proven at trial.

4.25    In addition to an award of damages, Ms. Anderson seeks an order enjoining the Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

4.26    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of noncompliant VSCs to Washington consumers.

4.27    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action against Defendant Virginia Surety Company as the insurer issuing the applicable service contract and/or protection product guarantee reimbursement insurance policy.

### V.    CLASS ALLEGATIONS

5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 4.27, above.

5.2    This action is brought on behalf of a class consisting of:

5.2.1    All persons, as the term "person" is defined in RCW 19.86.010(1);

COMPLAINT FOR DAMAGES - Page 6 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

5.2.2   who paid for a vehicle "Service Contract," as that term is defined in RCW 48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW 48.110.020(11);

5.2.3   that was issued and/or sold by Defendant CPAI in Washington;

5.2.4   in which the "Service Contract" or "Protection Product Guarantee" did not contain one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) – (vi);

5.2.5   within the four (4) years prior to the commencement of this lawsuit;

5.2.6   through the date the class is certified.

5.3   The Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4   The Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

5.5   Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

5.6   The identities of all class members are readily ascertainable from the transaction records of the Defendants.

5.7   Excluded from the class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

5.8   A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9   Class-wide damages are essential to induce the Defendants to comply with the law.

COMPLAINT FOR DAMAGES - Page 7 of 10

5.10    The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amounts of damages suffered by each individual class member is relatively small.

5.11    Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil Rules is appropriate.  A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages for many of the class members may be relatively small.  In the absence of a class action, a failure of justice will result.

## VI.  CLAIM FOR RELIEF

### First Cause of Action:
### Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 5.11, above.

6.2    The Defendants, through their conduct, have engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.3    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, involves matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86, *et seq.*

6.5    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, is not reasonable in relation to the development and preservation of business.

COMPLAINT FOR DAMAGES - Page 8 of 10

6.6    Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter constitute violations of RCW 19.86, *et seq.*

6.7    The Defendants' conduct has caused injury to the Plaintiff in her business and/or property.

6.8    The Defendants' actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.9    As a result of these violations and injuries, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating her claims before the court.

6.10    In addition to her request for an award of damages, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

<u>**Second Cause of Action:**</u>
<u>**Unjust Enrichment**</u>

6.11    The Defendants received cash benefits through their illegal sale and issue of noncompliant VSCs to Washington consumers, including the Plaintiff.

6.12    The cash benefits received by the Defendants through their illegal sale and issue of noncompliant VSCs were garnered at the expense of Washington consumers, including the Plaintiff.

6.13    It would be manifestly unjust for the Defendants to retain the cash benefits garnered through their illegal sale and issue of noncompliant VSCs.

6.14    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal sale and issue of noncompliant VSCs and PPGs to Washington consumers.

**VI.  RELIEF REQUESTED**

WHEREFORE, the Plaintiff prays for relief as follows:

COMPLAINT FOR DAMAGES - Page 9 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.315.4507

7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation of Washington law are void *ab initio*;

7.3    For disgorgement and/or refund of amounts received from consumers for VSC and PPG products that were issued, sold, or offered for sale in violation of Washington law, for each member of the putative class;

7.4    For exemplary damages pursuant to RCW 19.86.090;

7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as provided by applicable statutes;

7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating further violations of RCW 48.110, *et seq*.

7.7    For restitution and/or disgorgement of monies garnered by the Defendants through their prohibited conduct.

7.8    For such other relief as the Court may deem just and equitable.

DATED this _27th_ day of _October_____, 2023.

CAMERON SUTHERLAND, PLLC

SHAYNE SUTHERLAND, WSBA #44593
BRIAN CAMERON, WSBA #44905
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - Page 10 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

**OFFICE OF THE INSURANCE COMMISSIONER**

PO Box 40255
Olympia, WA 98504-0255

9589 0710 5270 0838 7292 31

CERTIFIED MAIL

FIRST CLASS



US POSTAGE ᴵᴹᴾPITNEY BOWES

ZIP 98501 $ 006.18⁰
02 4W
0000354556 NOV. 03. 2023

VIRGINIA SURETY COMPANY INC
CORPORATION SERVICE COMPANY
MC-CSC1 300 DESCHUTES WAY SW SUITE 208
TUMWATER WA 98501-7719

# EXHIBIT B



**null / ALL**
**Transmittal Number: 27963988**
**Date Processed: 11/07/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Cir SE<br>Atlanta, GA 30339-2210 |

| | |
|---|---|
| **Entity:** | Virginia Surety Company, Inc.<br>Entity ID Number  2148744 |
| **Entity Served:** | Virginia Surety Company Inc |
| **Title of Action:** | Lisa Anderson vs. Consumer Program Administrators, Inc. |
| **Matter Name/ID:** | Lisa Anderson vs. Consumer Program Administrators, Inc. (14826528) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Spokane County Superior Court, WA |
| **Case/Reference No:** | 23204555-32 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 11/07/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Insurance Commissioner in WA 11/03/2023 |
| **How Served:** | Certified Mail |
| Sender Information: | Cameon Sutherland, PLLC<br>509-315-4507 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

MIKE KREIDLER
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**



**OFFICE OF**

## INSURANCE COMMISSIONER

Phone: 360-725-7000
www.insurance.wa.gov

Certificate number **25979** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 11/03/2023 |
| Certificate Issued: | 11/03/2023 |
| Issued By: | Eve Gaskill |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 95890710527000838729231 |
| Service Requested Upon: | VIRGINIA SURETY COMPANY INC |
| | CORPORATION SERVICE COMPANY |
| | MC-CSC1 |
| | 300 DESCHUTES WAY SW SUITE 208 |
| | TUMWATER, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | SHAYNE SUTHERLAND |
| | CAMERON SUTHERLAND PLLC |
| | 421 W RIVERSIDE AVE STE 660 |
| | SPOKANE, WA 99201 US |
| | 509-315-4507 |
| Case Number: | 23204555-32 |
| Plaintiff: | LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, |
| Defendant: | CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, a Delaware corporation; |
| Documents: | SUMMONS |
| | CLASS COMPLAINT |
| Copies Sent To: | SHAYNE SUTHERLAND |
| | VIRGINIA SURETY COMPANY INC |

Mailing Address: P.O. Box 40255 Olympia, WA 98504-0255
Phone: (360)725-7009 Email: SOP@oic.wa.gov

Insurance Commissioner
ACCEPTED SOP

NOV 03 2023

TIME: ___ Ipm ___

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LISA ANDERSON, an individual, on behalf
of herself and all others similarly situated,

                   Plaintiff,

vs.

CONSUMER PROGRAM
ADMINISTRATORS, INC., an Illinois
corporation, and VIRGINIA SURETY
COMPANY, a Delaware corporation;

                   Defendants.

Case No. 232 04555-32

SUMMONS

TO:       CONSUMER PROGRAM ADMINISTRATORS, INC., Defendant
AND TO:   VIRGINIA SURETY COMPANY, Defendant

      A lawsuit has been started against you in the above-entitled court by LISA ANDERSON,

Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served

upon you with this Summons.

      In order to defend against this lawsuit, you must respond to this Complaint by stating

your defenses in writing, and by serving a copy upon the person signing this Summons within

twenty (20) days after the service of this Summons if served within the State of Washington, or

SUMMONS - Page 1 of 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1  within sixty (60) days after service, if served outside the State of Washington, excluding the date

2  of service, or a default judgment may be entered against you without notice.  A default judgment

3  is one where the Plaintiff is entitled to what he or she asks for because you have not responded.

4  If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a

5  default judgment may be entered.

6         You may demand that the Plaintiff files this lawsuit with the court.  If you do so, the

7  demand must be in writing and must be served upon the person signing this Summons.  Within

8  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9  or the service on you of this Summons and Complaint will be void.

10        If you wish to seek the advice of an attorney in this matter, you should do so promptly so

11  that your written response, if any, may be served on time.  This Summons is issued pursuant to

12  Rule 4 of the Superior Court Civil Rules of the State of Washington.

13

14  DATED this _27th_ day of _October_____, 2023.

15

16

17                              CAMERON SUTHERLAND, PLLC

18

19                              SHAYNE SUTHERLAND, WSBA #44593
20                              BRIAN CAMERON, WSBA #44905
                                *Attorneys for Plaintiff*
21

22

23

24

25

SUMMONS - Page 2 of 2                                    Cameron Sutherland, PLLC
                                                         421 W. Riverside Ave., Ste. 660
                                                         Spokane, WA 99201
                                                         TEL. 509.315.4507
                                                         FAX 509.315.4585

Insurance Commissioner
ACCEPTED SOP

NOV 03 2023

TIME: \pm

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LISA ANDERSON, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, a Delaware corporation;

Defendants.

Case No. 23204555-32

CLASS COMPLAINT

COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for causes of action against the above-named Defendants, complains and alleges as follows:

## I. INTRODUCTION

1.1    This action involves a vehicle service contract provider that issues, sells, or offers for sale various service contracts (VSCs) and protection product guarantees (PPGs) without providing or affirming important consumer disclosures as required by Washington law.  RCW 48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1         1.2    Ms. Anderson brings this action against the above-captioned Defendants on

2 behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and

3 any other relief the court deems just and proper for the Defendants' violations of Washington's

4 Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis-à-vis their violations of Washington's

5 Service Contract Providers Act (SCPA), RCW 48.110, *et seq.* Ms. Anderson also seeks

6 injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business

7 practices that violate Washington's consumer protection standards and statutory requirements.

8                       **II. IDENTITY OF PARTIES**

9         2.1    Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington,

10 who purchased the VSC and PPG at issue in Spokane County in conjunction with a vehicle

11 purchase from an Autonation dealership in Spokane Valley, Washington.

12         2.2    Defendant CONSUMER PRODUCT ADMINISTRATORS, INC. (CPAI), is an

13 Illinois corporation that is engaged in the issue, sale, and servicing of VSCs and PPGs

14 throughout Washington, including those issued and sold to Ms. Anderson. CPAI is a "service

15 contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract

16 seller" as that term is defined under RCW 48.110.020(21). Ms. Anderson is entitled to bring an

17 action against a VSC and/or PPG provider and/or seller pursuant to RCW 48.110.140.

18         2.3    Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois

19 corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by

20 Defendant NPCC in Washington. Ms. Anderson is entitled to bring an action against an insurer

21 issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW

22 48.110.140.

23 ///

24 ///

25 ///

COMPLAINT FOR DAMAGES - Page 2 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

### III. STATEMENT OF JURISDICTION AND VENUE

3.1    This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2    Venue is proper in this Court pursuant to RCW 4.12.020.

### IV. FACTUAL BACKGROUND

4.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.2, above.

4.2    On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in Spokane Valley, Washington.

4.3    In conjunction with the sale of the Range Rover, the dealership issued, sold and/or offered to sell to Ms. Anderson a VSC branded as "AutoNation Vehicle Care Protection" on behalf of Defendant CPAI, which included various products and services priced at $399.

4.4    At times relevant to this action, Defendant CPAI was insured by Defendant Virginia Surety Company, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies required under RCW 48.110.055.

4.5    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

COMPLAINT FOR DAMAGES - Page 3 of 10

1    4.6    RCW 48.110.075(2)(e)(i) states that VSCs, including PPGs, "shall not be issued,

2  sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

3  such a statement as referenced in the preceding paragraph.

4    4.7    The VSC and PPG branded as "AutoNation Vehicle Care Protection" did not

5  contain any statement initialed by the service contract holder disclosing the work and parts

6  covered by the contract.

7    4.8    RCW 48.110.075(2)(e)(ii) states that VSCs, including PPGs, "shall not be issued,

8  sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

9  such a statement as referenced in the preceding paragraph.

10    4.9    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

11  statement initialed by the service contract holder disclosing any time or mileage limitations.

12    4.10    RCW 48.110.075(2)(e)(iii) states that VSCs, including PPGs, "shall not be issued,

13  sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

14  such a statement as referenced in the preceding paragraph.

15    4.11    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

16  statement initialed by the service contract holder disclosing that the implied warranty of

17  merchantability on the vehicle is not waived if the contract has been purchased within ninety

18  days of the purchase date of the vehicle from a provider or service contract seller who also sold

19  the vehicle covered by the contract.

20    4.12    RCW 48.110.075(2)(e)(iv) states that VSCs, including PPGs, "shall not be issued,

21  sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

22  such a statement as referenced in the preceding paragraph.

23    4.13    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

24  statement initialed by the service contract holder disclosing any exclusions of coverage.

25

COMPLAINT FOR DAMAGES - Page 4 of 10

1    4.14    RCW 48.110.075(2)(e)(v) states that VSCs, including PPGs, "shall not be issued,

2  sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

3  such a statement as referenced in the preceding paragraph.

4    4.15    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

5  statement initialed by the service contract holder disclosing the contract holder's right to return

6  the contract for a refund.

7    4.16    RCW 48.110.075(2)(e)(vi) states that VSCs, including PPGs, "shall not be issued,

8  sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

9  such a statement as referenced in the preceding paragraph.

10    4.17    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

11  statement disclosing that the obligations of the provider to the service contract holder are

12  guaranteed under a reimbursement insurance policy, the name and address of the issuer of the

13  reimbursement insurance policy, the applicable policy number, and the means by which a service

14  contract holder may file a claim under the policy.

15    4.18    RCW 48.110.075(2)(b) states that VSCs, including PPGs, "shall not be issued,

16  sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

17  such a statement and content as referenced in the preceding paragraph.

18    4.19    "Services provided pursuant to a protection product guarantee" are included

19  within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the

20  corresponding statutory provisions of RCW 48.110, *et seq.*

21    4.20    The statutory requirement that VSCs and PPGs contain initialed consumer

22  disclosures as a prerequisite to being "issued, sold, of offered for sale" to consumers in

23  Washington imposes an obligation on sellers, providers, issuers, and their insurers to ensure

24.  meaningful disclosure of product limitations, consumer rights, and available remedies.

25

COMPLAINT FOR DAMAGES - Page 5 of 10

1    4.21    The Defendants issued, sold, or offered for sale VSCs and PPGs to Ms. Anderson

2  and at least 100 other Washington consumers through various entities without fulfilling the

3  statutory prerequisites to issuing, selling, or offering these products for sale, rendering them void

4  *ab initio.*

5    4.22    The Defendants profited from their illegal sale and issue of noncompliant VSCs

6  and PPGs to Washington consumers, including Ms. Anderson.

7    4.23    The Defendants' actions and inactions constitute violations of Washington's

8  Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act

9  (CPA), RCW 19.86, *et seq.*

10    4.24    The Defendants' actions and inactions caused Ms. Anderson and other

11  Washington consumers to suffer injuries to their business and property in an amount to be

12  proven at trial.

13    4.25    In addition to an award of damages, Ms. Anderson seeks an order enjoining the

14  Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

15    4.26    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable

16  restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of

17  noncompliant VSCs to Washington consumers.

18    4.27    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action

19  against Defendant Virginia Surety Company as the insurer issuing the applicable service contract

20  and/or protection product guarantee reimbursement insurance policy.

21                              **V.  CLASS ALLEGATIONS**

22    5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

23  1.1 through 4.27, above.

24    5.2    This action is brought on behalf of a class consisting of:

25    5.2.1    All persons, as the term "person" is defined in RCW 19.86.010(1);

COMPLAINT FOR DAMAGES - Page 6 of 10                    Cameron Sutherland, PLLC
                                                        421 W. Riverside Ave., Ste. 660
                                                        Spokane, WA 99201
                                                        TEL.  509.315.4507

5.2.2    who paid for a vehicle "Service Contract," as that term is defined in RCW 48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW 48.110.020(11);

5.2.3    that was issued and/or sold by Defendant CPAI in Washington;

5.2.4    in which the "Service Contract" or "Protection Product Guarantee" did not contain one or more of the mandatory consumer disclosures enumerated in RCW 48.110.075(2)(e)(i) – (vi);

5.2.5    within the four (4) years prior to the commencement of this lawsuit;

5.2.6    through the date the class is certified.

5.3    The Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

5.4    The Plaintiff will fairly and adequately represent the interests of the class members. She is committed to vigorously litigating this matter.

5.5    Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

5.6    The identities of all class members are readily ascertainable from the transaction records of the Defendants.

5.7    Excluded from the class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, as well as legal counsel for all parties and the judge assigned to this action and all members of their immediate families.

5.8    A class action is a superior method for the fair and efficient adjudication of this controversy.

5.9    Class-wide damages are essential to induce the Defendants to comply with the law.

COMPLAINT FOR DAMAGES - Page 7 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1    5.10    The interest of the class members in individually controlling the presentation of

2    separate claims against the Defendants is small, because the amounts of damages suffered by

3    each individual class member is relatively small.

4    5.11    Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil

5    Rules is appropriate.  A class action is the only appropriate means of resolving this controversy

6    because the class members are not aware of their rights, the class is comprised of a largely

7    vulnerable population, and the amounts of available damages for many of the class members

8    may be relatively small.  In the absence of a class action, a failure of justice will result.

9    ## VI.  CLAIM FOR RELIEF

10   ### First Cause of Action:
11   ### Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

12   6.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

13   1.1 through 5.11, above.

14   6.2    The Defendants, through their conduct, have engaged in unfair and/or deceptive

15   acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW

16   19.86, *et seq.*

17   6.3    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

18   48.110, *et seq.*, constitutes unfair and/or deceptive acts and/or practices in trade or commerce

19   and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

20   6.4    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

21   48.110, *et seq.*, involves matters vitally affecting the public interest for the purpose of applying

22   the Consumer Protection Act, RCW 19.86, *et seq.*

23   6.5    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW

24   48.110, *et seq.*, is not reasonable in relation to the development and preservation of business.

25

COMPLAINT FOR DAMAGES - Page 8 of 10

6.6     Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter constitute violations of RCW 19.86, *et seq.*

6.7     The Defendants' conduct has caused injury to the Plaintiff in her business and/or property.

6.8     The Defendants' actions, committed in violation of its legal obligations, warrant exemplary damages as provided by RCW 19.86.090.

6.9     As a result of these violations and injuries, and pursuant to RCW 19.86.090, the Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating her claims before the court.

6.10     In addition to her request for an award of damages, the Plaintiff requests that the court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

<u>**Second Cause of Action:**</u>
<u>**Unjust Enrichment**</u>

6.11     The Defendants received cash benefits through their illegal sale and issue of noncompliant VSCs to Washington consumers, including the Plaintiff.

6.12     The cash benefits received by the Defendants through their illegal sale and issue of noncompliant VSCs were garnered at the expense of Washington consumers, including the Plaintiff.

6.13     It would be manifestly unjust for the Defendants to retain the cash benefits garnered through their illegal sale and issue of noncompliant VSCs.

6.14     As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal sale and issue of noncompliant VSCs and PPGs to Washington consumers.

## VI. RELIEF REQUESTED

WHEREFORE, the Plaintiff prays for relief as follows:

COMPLAINT FOR DAMAGES - Page 9 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing the named Plaintiff as representative of the proposed class, or such other class as the Court may deem appropriate, and appointing undersigned counsel as class counsel;

7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation of Washington law are void *ab initio*;

7.3    For disgorgement and/or refund of amounts received from consumers for VSC and PPG products that were issued, sold, or offered for sale in violation of Washington law, for each member of the putative class;

7.4    For exemplary damages pursuant to RCW 19.86.090;

7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as provided by applicable statutes;

7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating further violations of RCW 48.110, *et seq.*

7.7    For restitution and/or disgorgement of monies garnered by the Defendants through their prohibited conduct.

7.8    For such other relief as the Court may deem just and equitable.

DATED this 27th day of October, 2023.

CAMERON SUTHERLAND, PLLC

SHAYNE SUTHERLAND, WSBA #44593
BRIAN CAMERON, WSBA #44905
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - Page 10 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507





OFFICE OF THE INSURANCE
COMMISSIONER

PO Box 40255
Olympia, WA 98504-0255

9589 0710 5270 0838 7292 31

FIRST CLASS

US POSTAGE™PITNEY BOWES

ZIP 98501 $ 006.18⁰
02 4W
0000354556 NOV. 03. 2023

VIRGINIA SURETY COMPANY INC
CORPORATION SERVICE COMPANY
MC-CSC1 300 DESCHUTES WAY SW SUITE 208
TUMWATER WA 98501-7719

# EXHIBIT C



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Cir SE<br>Atlanta, GA 30339-2210 |

| | |
|---|---|
| **Entity:** | Consumer Program Administrators, Inc.<br>Entity ID Number  2141488 |
| **Entity Served:** | Consumer Program Administrators Inc |
| **Title of Action:** | Lisa Anderson vs. Consumer Program Administrators, Inc. |
| **Matter Name/ID:** | Lisa Anderson vs. Consumer Program Administrators, Inc. (14826499) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Spokane County Superior Court, WA |
| **Case/Reference No:** | 23204555-32 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 11/07/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Washington Office of Insurance Commissioner on 11/03/2023 |
| **How Served:** | Certified Mail |
| Sender Information: | Cameron Sutherland, PLLC<br>509-315-4507 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

# STATE OF WASHINGTON



Phone: 360-725-7000
www.insurance.wa.gov

### OFFICE OF
## INSURANCE COMMISSIONER

Certificate number **25978** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 11/03/2023 |
| Certificate Issued: | 11/03/2023 |
| Issued By: | Eve Gaskill |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 9589071052700838729224 |
| Service Requested Upon: | Consumer Program Administrators Inc |
| | CORPORATION SERVICE COMPANY |
| | MC-CSC1 |
| | 300 DESCHUTES WAY SW SUITE 208 |
| | TUMWATER, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | SHAYNE SUTHERLAND |
| | CAMERON SUTHERLAND PLLC |
| | 421 W RIVERSIDE AVE STE 660 |
| | SPOKANE, WA 99201 US |
| | 509-315-4507 |
| Case Number: | 23204555-32 |
| Plaintiff: | LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, |
| Defendant: | CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, a Delaware corporation; |
| Documents: | SUMMONS |
| | CLASS COMPLAINT |
| Copies Sent To: | SHAYNE SUTHERLAND |
| | Consumer Program Administrators Inc |

Mailing Address: P.O. Box 40255 Olympia, WA 98504-0255
Phone: (360)725-7009 Email: SOP@oic.wa.gov

Insurance Commissioner
ACCEPTED SOP

NOV 0 3 2023

TIME: _Bam_

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LISA ANDERSON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, a Delaware corporation;<br><br>Defendants. | Case No. 232 04555-32<br><br>SUMMONS |

TO:        CONSUMER PROGRAM ADMINISTRATORS, INC., Defendant
AND TO:    VIRGINIA SURETY COMPANY, Defendant

A lawsuit has been started against you in the above-entitled court by LISA ANDERSON, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to this Complaint by stating your defenses in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons if served within the State of Washington, or

SUMMONS - Page 1 of 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1  within sixty (60) days after service, if served outside the State of Washington, excluding the date

2  of service, or a default judgment may be entered against you without notice. A default judgment

3  is one where the Plaintiff is entitled to what he or she asks for because you have not responded.

4  If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a

5  default judgment may be entered.

6         You may demand that the Plaintiff files this lawsuit with the court. If you do so, the

7  demand must be in writing and must be served upon the person signing this Summons. Within

8  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9  or the service on you of this Summons and Complaint will be void.

10        If you wish to seek the advice of an attorney in this matter, you should do so promptly so

11  that your written response, if any, may be served on time. This Summons is issued pursuant to

12  Rule 4 of the Superior Court Civil Rules of the State of Washington.

13

14  DATED this _27th_ day of _October_ _____, 2023.

15

16

17                                        CAMERON SUTHERLAND, PLLC

18

19                                        SHAYNE SUTHERLAND, WSBA #44593
20                                        BRIAN CAMERON, WSBA #44905
                                          *Attorneys for Plaintiff*
21

22

23

24

25

SUMMONS - Page 2 of 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Insurance Commissioner
ACCEPTED SOP

NOV 03 2023

TIME: _8am_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| LISA ANDERSON, an individual, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, and VIRGINIA SURETY COMPANY, a Delaware corporation; <br><br> Defendants. | Case No. 232 04555-32 <br><br> **CLASS COMPLAINT** |

COMES NOW the Plaintiff, LISA ANDERSON, on behalf of herself and all others similarly situated, by and through her attorneys of record, *Cameron Sutherland, PLLC*, for causes of action against the above-named Defendants, complains and alleges as follows:

## I. INTRODUCTION

1.1     This action involves a vehicle service contract provider that issues, sells, or offers for sale various service contracts (VSCs) and protection product guarantees (PPGs) without providing or affirming important consumer disclosures as required by Washington law.  RCW 48.110.075(2) mandates such disclosures as a prerequisite to issuing, selling, or offering for sale any VSC or PPG in the state.

COMPLAINT FOR DAMAGES - Page 1 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1       1.2     Ms. Anderson brings this action against the above-captioned Defendants on

2  behalf of herself and all others similarly situated to recover damages, costs, attorneys' fees, and

3  any other relief the court deems just and proper for the Defendants' violations of Washington's

4  Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis-à-vis their violations of Washington's

5  Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*  Ms. Anderson also seeks

6  injunctive relief to enjoin the Defendants from continuing, initiating, or re-initiating business

7  practices that violate Washington's consumer protection standards and statutory requirements.

8                          **II. IDENTITY OF PARTIES**

9       2.1     Plaintiff LISA ANDERSON is a natural person residing in Spokane, Washington,

10  who purchased the VSC and PPG at issue in Spokane County in conjunction with a vehicle

11  purchase from an Autonation dealership in Spokane Valley, Washington.

12       2.2     Defendant CONSUMER PRODUCT ADMINISTRATORS, INC. (CPAI), is an

13  Illinois corporation that is engaged in the issue, sale, and servicing of VSCs and PPGs

14  throughout Washington, including those issued and sold to Ms. Anderson.  CPAI is a "service

15  contract provider" as that term is defined under RCW 48.110.020(20) and/or a "service contract

16  seller" as that term is defined under RCW 48.110.020(21).  Ms. Anderson is entitled to bring an

17  action against a VSC and/or PPG provider and/or seller pursuant to RCW 48.110.140.

18       2.3     Defendant VIRGINIA SURETY COMPANY, INC. (VA Surety), is an Illinois

19  corporation that issues reimbursement insurance policies for VSCs and PPGs issued and sold by

20  Defendant NPCC in Washington.  Ms. Anderson is entitled to bring an action against an insurer

21  issuing the applicable VSC and/or PPG reimbursement insurance policy pursuant to RCW

22  48.110.140.

23  ///

24  ///

25  ///

COMPLAINT FOR DAMAGES - Page 2 of 10

### III. STATEMENT OF JURISDICTION AND VENUE

3.1     This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2     Venue is proper in this Court pursuant to RCW 4.12.020.

### IV. FACTUAL BACKGROUND

4.1     The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 3.2, above.

4.2     On or about June 18, 2022, Ms. Anderson purchased a 2014 Land Rover Range Rover Evoque, identified by VIN SALVV2BG3EH947662, from a consumer retail dealership in Spokane Valley, Washington.

4.3     In conjunction with the sale of the Range Rover, the dealership issued, sold and/or offered to sell to Ms. Anderson a VSC branded as "AutoNation Vehicle Care Protection" on behalf of Defendant CPAI, which included various products and services priced at $399.

4.4     At times relevant to this action, Defendant CPAI was insured by Defendant Virginia Surety Company, which issued the applicable VSC and/or PPG reimbursement insurance policy/ies required under RCW 48.110.055.

4.5     The VSC branded as "AutoNation Vehicle Care Protection" did not contain any statement initialed by the service contract holder disclosing material conditions that the service contract holder must meet to maintain coverage under the contract including, but not limited to, any maintenance schedule to which the service contract holder must adhere, any requirement placed on the service contract holder for documenting repair or maintenance work, any duty to protect against any further damage, and any procedure to which the service contract holder must adhere for filing claims.

COMPLAINT FOR DAMAGES - Page 3 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1       4.6    RCW 48.110.075(2)(e)(i) states that VSCs, including PPGs, "shall not be issued,

2   sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

3   such a statement as referenced in the preceding paragraph.

4       4.7    The VSC and PPG branded as "AutoNation Vehicle Care Protection" did not

5   contain any statement initialed by the service contract holder disclosing the work and parts

6   covered by the contract.

7       4.8    RCW 48.110.075(2)(e)(ii) states that VSCs, including PPGs, "shall not be issued,

8   sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

9   such a statement as referenced in the preceding paragraph.

10      4.9    The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

11  statement initialed by the service contract holder disclosing any time or mileage limitations.

12      4.10   RCW 48.110.075(2)(e)(iii) states that VSCs, including PPGs, "shall not be issued,

13  sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

14  such a statement as referenced in the preceding paragraph.

15      4.11   The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

16  statement initialed by the service contract holder disclosing that the implied warranty of

17  merchantability on the vehicle is not waived if the contract has been purchased within ninety

18  days of the purchase date of the vehicle from a provider or service contract seller who also sold

19  the vehicle covered by the contract.

20      4.12   RCW 48.110.075(2)(e)(iv) states that VSCs, including PPGs, "shall not be issued,

21  sold, or offered for sale in this state" or sold to consumers in this state" unless the VSC contains

22  such a statement as referenced in the preceding paragraph.

23      4.13   The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

24  statement initialed by the service contract holder disclosing any exclusions of coverage.

25

COMPLAINT FOR DAMAGES - Page 4 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1        4.14   RCW 48.110.075(2)(e)(v) states that VSCs, including PPGs, "shall not be issued,

2    sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

3    such a statement as referenced in the preceding paragraph.

4        4.15   The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

5    statement initialed by the service contract holder disclosing the contract holder's right to return

6    the contract for a refund.

7        4.16   RCW 48.110.075(2)(e)(vi) states that VSCs, including PPGs, "shall not be issued,

8    sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

9    such a statement as referenced in the preceding paragraph.

10        4.17   The VSC branded as "AutoNation Vehicle Care Protection" did not contain any

11    statement disclosing that the obligations of the provider to the service contract holder are

12    guaranteed under a reimbursement insurance policy, the name and address of the issuer of the

13    reimbursement insurance policy, the applicable policy number, and the means by which a service

14    contract holder may file a claim under the policy.

15        4.18   RCW 48.110.075(2)(b) states that VSCs, including PPGs, "shall not be issued,

16    sold, or offered for sale in this state or sold to consumers in this state" unless the VSC contains

17    such a statement and content as referenced in the preceding paragraph.

18        4.19   "Services provided pursuant to a protection product guarantee" are included

19    within the statutory definition of "service contract" under RCW 48.110.030(18)(b)(v) and the

20    corresponding statutory provisions of RCW 48.110, *et seq.*

21        4.20   The statutory requirement that VSCs and PPGs contain initialed consumer

22    disclosures as a prerequisite to being "issued, sold, of offered for sale" to consumers in

23    Washington imposes an obligation on sellers, providers, issuers, and their insurers to ensure

24.    meaningful disclosure of product limitations, consumer rights, and available remedies.

25

COMPLAINT FOR DAMAGES - Page 5 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

1        4.21    The Defendants issued, sold, or offered for sale VSCs and PPGs to Ms. Anderson

2  and at least 100 other Washington consumers through various entities without fulfilling the

3  statutory prerequisites to issuing, selling, or offering these products for sale, rendering them void

4  *ab initio.*

5        4.22    The Defendants profited from their illegal sale and issue of noncompliant VSCs

6  and PPGs to Washington consumers, including Ms. Anderson.

7        4.23    The Defendants' actions and inactions constitute violations of Washington's

8  Service Contract Providers Act (SCPA), RCW 48.110, *et seq.*, and Consumer Protection Act

9  (CPA), RCW 19.86, *et seq.*

10       4.24    The Defendants' actions and inactions caused Ms. Anderson and other

11  Washington consumers to suffer injuries to their business and property in an amount to be

12  proven at trial.

13       4.25    In addition to an award of damages, Ms. Anderson seeks an order enjoining the

14  Defendants from continuing, initiating, or re-initiating practices that violate RCW 48.110, *et seq.*

15       4.26    In addition to or in lieu of an award of damages, Ms. Anderson seeks equitable

16  restitution or disgorgement of the monies Defendants garnered from the illegal sale and issue of

17  noncompliant VSCs to Washington consumers.

18       4.27    Pursuant to RCW 48.110.140, Ms. Anderson is entitled to maintain an action

19  against Defendant Virginia Surety Company as the insurer issuing the applicable service contract

20  and/or protection product guarantee reimbursement insurance policy.

21                         **V.  CLASS ALLEGATIONS**

22       5.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs

23  1.1 through 4.27, above.

24       5.2    This action is brought on behalf of a class consisting of:

25          5.2.1   All persons, as the term "person" is defined in RCW 19.86.010(1);

COMPLAINT FOR DAMAGES - Page 6 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL.  509.315.4507

1         5.2.2  who paid for a vehicle "Service Contract," as that term is defined in RCW

2  48.110.020(18), and/or a "Protection Product Guarantee," as that term is defined in RCW

3  48.110.020(11);

4         5.2.3  that was issued and/or sold by Defendant CPAI in Washington;

5         5.2.4  in which the "Service Contract" or "Protection Product Guarantee" did not

6  contain one or more of the mandatory consumer disclosures enumerated in RCW

7  48.110.075(2)(e)(i) – (vi);

8         5.2.5  within the four (4) years prior to the commencement of this lawsuit;

9         5.2.6  through the date the class is certified.

10      5.3  The Plaintiff has the same claims as the members of the class. All of the claims

11  are based on the same factual and legal theories.

12      5.4  The Plaintiff will fairly and adequately represent the interests of the class

13  members. She is committed to vigorously litigating this matter.

14      5.5  Neither the Plaintiff nor her counsel has any interests which might cause them not

15  to vigorously pursue this claim.

16      5.6  The identities of all class members are readily ascertainable from the transaction

17  records of the Defendants.

18      5.7  Excluded from the class are the Defendants and all officers, members, partners,

19  managers, directors, and employees of the Defendants and their respective immediate families,

20  as well as legal counsel for all parties and the judge assigned to this action and all members of

21  their immediate families.

22      5.8  A class action is a superior method for the fair and efficient adjudication of this

23  controversy.

24      5.9  Class-wide damages are essential to induce the Defendants to comply with the

25  law.

COMPLAINT FOR DAMAGES - Page 7 of 10

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507

5.10    The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amounts of damages suffered by each individual class member is relatively small.

5.11    Certification of a class pursuant to Rule 23(b)(3) of the Superior Court Civil Rules is appropriate.  A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the amounts of available damages for many of the class members may be relatively small.  In the absence of a class action, a failure of justice will result.

## VI.  CLAIM FOR RELIEF

### First Cause of Action:
### Violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.1    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1.1 through 5.11, above.

6.2    The Defendants, through their conduct, have engaged in unfair and/or deceptive acts in trade or commerce in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*

6.3    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, constitutes unfair and/or deceptive acts and/or practices in trade or commerce and/or an unfair method of competition, as specifically contemplated by RCW 19.86.020.

6.4    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, involves matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86, *et seq.*

6.5    Pursuant to RCW 48.110.140, the Defendants' conduct in violation of RCW 48.110, *et seq.*, is not reasonable in relation to the development and preservation of business.

COMPLAINT FOR DAMAGES - Page 8 of 10

1    6.6    Pursuant to RCW 48.110.140, the Defendants' actions in violation of that chapter

2   constitute violations of RCW 19.86, *et seq.*

3    6.7    The Defendants' conduct has caused injury to the Plaintiff in her business and/or

4   property.

5    6.8    The Defendants' actions, committed in violation of its legal obligations, warrant

6   exemplary damages as provided by RCW 19.86.090.

7    6.9    As a result of these violations and injuries, and pursuant to RCW 19.86.090, the

8   Plaintiff is entitled to an award of her costs and reasonably attorneys' fees incurred in vindicating

9   her claims before the court.

10    6.10    In addition to her request for an award of damages, the Plaintiff requests that the

11   court enjoin the continuation, initiation, or re-initiation of further violations by the Defendants.

12    **Second Cause of Action:**
13    **Unjust Enrichment**

14    6.11    The Defendants received cash benefits through their illegal sale and issue of

15   noncompliant VSCs to Washington consumers, including the Plaintiff.

16    6.12    The cash benefits received by the Defendants through their illegal sale and issue

17   of noncompliant VSCs were garnered at the expense of Washington consumers, including the

18   Plaintiff.

19    6.13    It would be manifestly unjust for the Defendants to retain the cash benefits

20   garnered through their illegal sale and issue of noncompliant VSCs.

21    6.14    As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to

22   restitution of amounts paid or disgorgement of amounts garnered through the Defendants' illegal

23   sale and issue of noncompliant VSCs and PPGs to Washington consumers.

24    **VI.  RELIEF REQUESTED**

25    WHEREFORE, the Plaintiff prays for relief as follows:

COMPLAINT FOR DAMAGES - Page 9 of 10

1    7.1    An order certifying class members' claims pursuant to CR 23(b)(3), appointing

2  the named Plaintiff as representative of the proposed class, or such other class as the Court may

3  deem appropriate, and appointing undersigned counsel as class counsel;

4    7.2    For a declaration that VSCs and PPGs issued, sold, or offered for sale in violation

5  of Washington law are void *ab initio*;

6    7.3    For disgorgement and/or refund of amounts received from consumers for VSC

7  and PPG products that were issued, sold, or offered for sale in violation of Washington law, for

8  each member of the putative class;

9    7.4    For exemplary damages pursuant to RCW 19.86.090;

10    7.5    For court costs and attorneys' fees incurred by the Plaintiff in this action as

11  provided by applicable statutes;

12    7.6    For an Order enjoining the Defendants from continuing, initiating, or re-initiating

13  further violations of RCW 48.110, *et seq.*

14    7.7    For restitution and/or disgorgement of monies garnered by the Defendants

15  through their prohibited conduct.

16    7.8    For such other relief as the Court may deem just and equitable.

17

18

19  DATED this _27th_ day of _October_ _____, 2023.

20

21                          CAMERON SUTHERLAND, PLLC

22

23                          SHAYNE SUTHERLAND, WSBA #44593
                            BRIAN CAMERON, WSBA #44905
24                          *Attorneys for Plaintiff*

25

COMPLAINT FOR DAMAGES - Page 10 of 10                    Cameron Sutherland, PLLC
                                                        421 W. Riverside Ave., Ste. 660
                                                        Spokane, WA 99201
                                                        TEL. 509.315.4507



OFFICE OF THE INSURANCE
COMMISSIONER

PO Box 40255
Olympia, WA 98504-0255



9589 0710 5270 0838 7292 24

FIRST CLASS

US POSTAGE ᴾᴮ PITNEY BOWES

ZIP 98501    $ 006.18⁰
02 4W
0000354556 NOV. 03. 2023

CONSUMER PROGRAM ADMINISTRATORS INC
CORPORATION SERVICE COMPANY
MC-CSC1 300 DESCHUTES WAY SW SUITE 208
TUMWATER WA 98501-7719